STEAMBOAT KENTUCKY *v.* D. AND A. HINE.

Owners of a steamboat, under the statute, may be sued by name of the boat, but they cannot institute a suit by such name, nor sue out a writ of error.

*C. Walker* and *George C. Dixon*, for steamboat, as plaintiff in error.

*J. C. Hall* and *H. T. Reid*, for the defendants.

*Opinion by* GREENE, J. This case was instituted in the district court of Lee county against the " Steamboat Kentucky" by name, and judgment rendered for the plaintiffs below. The proceedings were commenced under " an act to provide for the collection of demands against boats and vessels, approved December 20, 1838." This act authorizes any plaintiff to institute suit against any boat or vessel by name; but does not authorize any boat or vessel by such name to proceed as plaintiff, in any case, or sue out any process or writ. *Rev. Stat.* 101, § 2.

In this case the writ of error appears to have been sued out in the name of the steamboat Kentucky, without even showing by whose complaint, or upon whose responsibility it was issued. The 20th section of the act referred to, provides that, in all cases arising under the act, " if judgment shall have been rendered in favor of the plaintiff, the master, owner, agent, or consignee of the boat or vessel, or other person interested, may appeal from the judgment by giving bond and security in double the amount sued for; or sue out a writ of error, as if they or either of them had been sued."

This case, not appearing to have been brought to this court by any party authorized, under this section, to appeal or sue out a writ of error, we cannot entertain jurisdiction. The writ of error is therefore dismissed.